■ In the Matter of STEVEN D. G. (ANONYMOUS), Appellant.— In a juvenile delinquency proceeding, the appeal is from an order of the Family Court, Kings County, dated May 1, 1973, which, after a fact-finding determination, placed appellant on probation. Order reversed, on the law, without costs, and petition dismissed. In our opinion, as a matter of law, the evidence adduced failed to prove, beyond a reasonable doubt, that appellant had committed an act which, if committed by an adult, would constitute the crime of sexual abuse in the third degree. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of STEVEN D. G. (ANONYMOUS), Appellant.— In a juvenile delinquency proceeding, the appeal is from an order of the Family Court, Kings County, dated May 1, 1973, which, after a fact-finding determination, discharged appellant to another similar proceeding against appellant pending in the same court under Docket No. D 10899/72. Order reversed, on the law, without costs, and petition dismissed. In our opinion, as a matter of law, the evidence presented failed to establish that appellant had committed acts which, if committed by an adult, would constitute the crime of sexual abuse in the third degree (Penal Law, § 130.55). The seven-year-old alleged victim was not sworn and no other direct evidence of appellant's culpability was offered. Requisite statutory corroboration (CPL 60.20) was not made out by appellant's alleged response to petitioner that "she went with me." These words specified no time or date, no place and no act of criminality. There is even ambiguity as to which of petitioner's two daughters the response referred to. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ EVANS KNIGHTNER, as Administrator of the Estate of EVANS KNIGHTNER, Deceased, and as Guardian of REGINA M. GUINN, an Infant, et al., Respondents, v. U. B. S. CHEMICAL COMPANY et al., Defendants, and LUMBER HEADQUARTERS OF BROOKLYN, NEW YORK et al., Appellants.— In an action to recover damages for personal and property injuries and wrongful death, defendants Lumber Headquarters of Brooklyn, New York, and Ingrid K. Abrahamson, as administratrix of the estate of Michael Guinn, appeal from an order of Supreme Court, Queens County, dated November 30, 1972, which denied motions to dismiss the action as to them for failure to serve a complaint within the time allowed therefor and granted plaintiffs' cross motion directing defendants to accept a complaint. Order reversed as to appellants, without costs, motions to dismiss the action granted as to appellants, and cross motion denied, in the exercise of discretion. Upon a motion to dismiss an action for lack of prosecution the plaintiff is required to show (1) a reasonable excuse or justification for the delay and (2) that the cause of action has merit (*Melfi* v. *Nash*, 40 A D 2d 1017). This plaintiffs failed to do. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.